## FIRST NAT'L BANK OF WELLINGTON v HOUGHTON et

Ohio Appeals, 5th Dist, Ashland Co

Decided Nov 24, 1931

Robert L. Walden, Wellington, and M. V. Semple, Ashland, for appellant.

Messrs. Devor & Devor, Ashland, and Wm. R. Pruner, Norwalk, for appellees.

SHERICK, PJ.

Before we may be concerned with the merits and right of the plaintiff bank to the principal relief sought it is necessary that this court should first determine whether the plaintiff bank is entitled to a reformation and an amendment of the foreign execution, which is the basis of its claimed lien.

It is provided in §11363, GC, that a court before or after judgment, in furtherance of justice, may permit an amendment of any

process by correcting a mistake in the name of a party. This statute is no doubt but a declaratory provision of the recognized inherent right in a court to make its records and processes speak the truth. And it has been recognized in this state in **Waggoner v Lessee of Dubois, 19 Oh St, 67,** that a writ of execution is such a process as may be amended. And it has at numerous times been determined that where a process is defective, in that a party is misnamed, the misnomer may be corrected. A valuable brief on the subject of a court's right to permit amendment of an execution is to be found in the note appearing in 101 Am. St. Rep., 550, to which attention is directed.

However, we find that there is a limitation upon the recognized right of a court in the exercise of its discretion that properly limits this prerogative within the bounds that no such amendment may be countenanced when the effect thereof will jeopardize the rights of innocent third parties which have intervened between the time of levy and the date of amendment. Such is the rule in this state as expressed in **Ohio Life Ins. & Trust Co. v Urbana Ins. Co., 13 Ohio 220,** and in **Barry v Hovey, 30 Oh St, 344, 349.** It being admitted that the present owners and the mortgagee bank are innocent and **bona fide** purchasers without knowledge of the plaintiff's claimed lien, it must follow that the plaintiff is not entitled in equity to an amendment of this writ. Such being true, it appeals to us that the plaintiff has no enforceable lien in this instance as against the innocent intervening parties.

We perceive no reason why special sanctity should attach to a foreign execution by reason of the fact that a judgment creditor seeks thereby to perfect a lien in another jurisdiction; and we are not convinced that this is one of those situations where the equities are equal and hence that which is prior in time should be preferred.

But there is another and far more powerful reason why the plaintiff must fail in this action. By this appeal this court as an appellate court is called upon to correct an error in the process of an inferior court of another jurisdiction. In other words, we are called upon to correct a writ issued out of the Common Pleas Court of Lorain County.

A reading of the §11363, GC, indicates beyond question that such amendments are permissible only in that court out of which the process is issued. To permit otherwise would be to say that one court having full jurisdiction in a matter may be interfered with by any other court. The absurdity of such a practice is at once apparent. We have made diligent search in other jurisdictions and find that in very few the practice has been approved of; that is, that a court in one proceeding may cause amendment of its records in another proceeding therein. We question the soundness of the exercise of such a discretion.

It is said in 17 Cyc., 1043 and 1044, that: "The power to correct errors and mistakes in executions is unquestionable and necessarily belongs to every court of record, and the court which issued the execution is the proper one to make any amendment as one court cannot be permitted to correct the errors in the process of another court." This rule is recognized in the early case of Bisbee v Hall, Wright, 59, wherein that court said: "This court cannot correct the errors of the process of another court." To the same effect, see Clarke v Miller, 18 Barb. (N. Y.), 269, and also the authorities noted in 13 Am. Dec., 176, note, and **17 Ohio Jurisprudence, page 785, §92.**

It therefore appearing that this court and the Court of Common Pleas of this county are without jurisdiction of the subject-matter incident to the granting of an amendment of the foreign execution upon which plaintiff claims, and upon which its right to marshal liens is dependent, it must follow that the plaintiff's petition should be and hereby is dismissed.

LEMERT and MONTGOMERY, JJ, concur.